# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF ALABAMA

IN RE:                                          *

BENDER SHIPBUILDING & REPAIR
CO., INC.                                       *        Chapter 11

    Debtor.                                  *        CASE NO. 09-12616

## MOTION TO DISMISS OR CONVERT

Comes now Marilyn Wood, Mobile County Revenue Commissioner (hereafter "Wood"), and moves the Court to dismiss this case under 11 U.S.C. § 1112 (b)(1) and (b)(4) and in support thereof states as follows:

1. This case was filed initially as an involuntary petition on June 9, 2009, and was converted to Chapter 11 on July 1, 2009.

2. The Debtor, Bender Shipbuilding and Repair Co., Inc., does business in Mobile County, Alabama, and owns both real property and personal property within the limits of Mobile County.

3. Ad valorem personal property taxes in favor of Mobile County became due on October 1, 2009, and were past due on January 1, 2010, in the amount of $ 384,476.57. These taxes have not been paid.

4. Ad valorem real property taxes owed by the Debtor in favor of Mobile County became due on October 1, 2009, and were past due on January 1, 2010, in the amount of $135,920.48. These taxes have not been paid.

5. The total unpaid and overdue tax obligation for tax year 2009 is $520,397.05.

6. Additionally, inasmuch as ad valorem taxes are billed in arrears, on October 1, 2009, the 2010 tax year began and as such almost one third of the 2010 tax year has now passed . Taxes

for 2010 will be billed in eight months on October 1, 2010. At this time the estimated 2010 tax is also $520,397.05. There is no indication the Debtor will be able to pay the 2010 taxes.

7. In bankruptcy and insolvency situations, Alabama law allows the Revenue Commissioner to declare the accruing 2010 tax due immediately rather than waiting until October 1, 2010.

8. On information and belief, the Debtor has been accruing substantial other post-petition debt which is not being paid.

9. The Debtor is past due on ad valorem taxes in the amount of $520,397.05, not including penalties and interest which are accruing, and not including the 2010 taxes which have not yet been declared due but which right is not waived by the Revenue Commissioner.

10. The automatic stay is preventing Mobile County from putting the real property in question in a tax sale and from otherwise taking applicable non-bankruptcy action to collect its tax debt.

11. The Debtor is taking advantage of the protections of bankruptcy law while it incurs additional debt and suffers a continuing diminution or loss to the estate.

12. Section 1112 (b) (2) provides that a case SHALL be dismissed or converted for cause. This is not discretionary.

13. Section 1112(b)(4)(A) states that the term 'cause' includes a continuing diminution or loss to the estate without a likelihood of rehabilitation, and most importantly, Section 1112 (b)(4) (I) states that the term 'cause' includes the "failure to timely pay taxes owed after the date of the order for relief."

WHEREFORE, Marilyn Wood, Revenue Commissioner of Mobile County, moves the Court to dismiss or convert this case pursuant to the provisions of 11 U.S.C. § 1112 (b) for

failure to pay taxes as they come due and for a continuing diminution or loss to the estate with no hope or even attempt at rehabilitation.

Dated this the 18th day of January, 2010.

/s/ Christopher Kern
Attorney for Mobile County Revenue Commissioner
P.O. Box 48
Mobile, Alabama 36601
(251) 432-5400

CERTIFICATE OF SERVICE

I do hereby certify that I have on this, the 18th day of January, 2010, served a copy of the foregoing to counsel for the Debtor, the Bankruptcy Administrator, Craig Wolfe for the Committee, and to all those who have requested service by electronic means, via the ECF noticing system, or by facsimile or by mailing the same by United States Mail, properly addressed and first class postage prepaid.

/s/ Christopher Kern
Christopher Kern